HALL & a. v. FIRE ASSOCIATION OF PHILADELPHIA.

A mortgagee to whom a policy of fire insurance is made payable in case of loss is not bound by an adjustment of a loss made without his knowledge or consent by the mortgagor with the insurance company.

ASSUMPSIT, on a policy of insurance issued by the defendants on the property of Hall, and made payable in case of loss to Woodman, mortgagee, as her interest might appear. After the property was destroyed by fire, the defendants, by agreement with Hall, without the knowledge, consent, or authority of Woodman, referred the question of the amount of the loss to referees, who awarded a sum less than the mortgage debt due to Woodman. The defendants claim that Woodman is concluded by the award.

*Marston & Eastman*, for the plaintiffs.

*Daniel Barnard*, for the defendants.

CARPENTER, J. It is not material whether Woodman could or could not maintain an action in her own name against the defendants. If she brings suit in the name of Hall, her interest as the real plaintiff will be as fully protected as if she were the plaintiff of record. *Scoby* v. *Blanchard*, 3 N. H. 175, 176; *Cameron* v. *Little*, 13 N. H. 23; *Webb* v. *Steele*, 13 N. H. 230, 239; *Duncklee* v. *Greenfield Steam Mill Co.*, 23 N. H. 245; *Jordan* v. *Gillen*, 44 N. H. 424; *Folsom* v. *Orient Ins. Co.*, 59 N. H. 54.

The policy might have been avoided by Hall's breach of its conditions, because such was the contract. *Baldwin* v. *Phœnix Ins. Co.*, 60 N. H. 164. But at the moment of the loss the rights of the parties were fixed. Whatever amount was secured by the policy to the extent of the mortgage debt was due to Woodman. To her the defendants were bound to pay it. Hall could not release the defendants from their obligation, nor defeat Woodman's right. He could no more adjust the amount of the loss than he could release it. *Harrington* v. *Fitchburg Ins. Co.*, 124 Mass. 126, 131; *Brown* v. *Roger Williams Ins. Co.*, 5 R. I. 394, 399; *Browning* v. *Home Ins. Co.*, 71 N. Y. 509. Woodman not being a party, or privy to the reference, is not concluded or affected by the award. *Mahagan* v. *Mead*, 63 N. H. 130.

*Case discharged.*

All concurred.