## BROWN v. THE STATE INSURANCE COMPANY.

1. **Evidence:** UNAUTHENTICATED LETTER: ERROR WITHOUT PREJUDICE. There is no prejudice, and therefore no reversible error, in admitting in evidence a letter not fully authenticated, when its only effect is to establish a fact already established by testimony not objected to.

2. **Fire Insurance:** POWER OF ADJUSTING AGENT TO WAIVE CONDITIONS. Where a claim for loss of insured property is placed by the company in the hands of an agent for adjustment, it will be presumed that he is authorized to do whatever is required to be done in adjusting the loss; and, in this case, *held* that such an agent was presumed to have authority to waive the requirement of the policy as to keeping books and invoices in a fire-proof safe. (*Hollis v. State Ins. Co.*, 65 Iowa, 454, *distinguished.*)

3. ————: WAIVER OF CONDITIONS OF POLICY: WHAT AMOUNTS TO. Where a policy of fire insurance required the insured to keep his books and invoices in a fire-proof safe, or in such a manner as to avoid danger of their being destroyed with the insured property; but he kept them in a wooden desk in the building with the insured goods, and they were all burned together; *held* that the company waived the requirement, when, upon being informed of the facts, it demanded that the insured obtain, and induced him to incur trouble and expense in procuring, duplicates of the burned invoices, to be used instead of the originals in adjusting the loss. (*Hollis v. State Ins. Co.*, 65 Iowa, 454, *followed*, and *Fitchpatrick v. Hawkeye Ins. Co.*, 53 Iowa, 335, *distinguished.*)

*Appeal from Polk District Court.*

FILED, MAY 14, 1888.

ACTION on a fire insurance policy. Verdict and judgment for plaintiff. Defendant appeals.

*Cummins & Wright,* for appellant.

*J. K. Macomber* and *George A. Underwood,* for appellee.

REED, J.—The property insured was a stock of merchandise. The policy was issued on a written application, which was endorsed on the policy when it was issued, and which contained the following agreement: "Applicant further agrees to keep a set of books showing all purchases and sales for cash and credit separately, and to keep a copy of the last inventory; and that said books and inventory shall be kept in a fireproof safe, or in such a manner as to avoid danger of their being destroyed with the property hereby insured." Defendant pleaded a breach of this undertaking, and plaintiff in reply pleaded a waiver of such breach. The evidence showed without any conflict that plaintiff did not keep his books and inventory in a fire-proof safe, but kept them in a wooden desk in his store, and that they were destroyed by the fire that destroyed the insured property. The matter relied on by plaintiff as constituting a waiver of this breach of his agreement is that defendant, with full knowledge of the manner in which the books and inventories had been kept, and that they had been destroyed by the fire, required him to procure and produce copies of all invoices and bills of goods purchased by him for a number of years before the fire, and that, in obedience to such demand, he did, at great expense and trouble, procure copies of such bills and invoices, and submitted them to defendant. The evidence shows that defendant, when it received notice of the fire and a proof of the loss furnished by plaintiff, placed the claim in the hands of C. F. Leavitt, one of its adjusters, who went to the scene of the fire and examined plaintiff with reference to the circumstances of the loss. In his examination, plaintiff disclosed the facts as to the destruction of the books and inventories, and the manner in which they had been

kept. After the examination was closed, Leavitt served upon plaintiff a notice in writing, as follows: "You are hereby notified and required to furnish, at your earliest convenience, * * * the State Insurance Company of Des Moines your original bills of purchase, or, if they are lost or destroyed, you will ffurnish certified copies thereof procured from the various houses from which you have bought goods. These must cover all your purchases from the time you bought the stock of A. P. Condit to time of fire which destroyed said stock. This demand is made under the conditions of the policy you hold of said company. See 'Proceedings in Case of Loss.'" In compliance with this demand, plaintiff did procure from such of the wholesale houses with which he had dealt as continued in business copies of the invoices of the goods purchased by him from them during the time covered by the demand. In doing that he spent considerable time, and incurred some expense and inconvenience. He notified defendant that he had procured them, and Leavitt again went to his place and examined them, and it was not until after that was done that defendant refused to pay the loss.

I. The district court, against defendant's objection, admitted in evidence a letter received by plaintiff, and which purports to have been written by Leavitt. The letter is written on defendant's letter-head, and purports to have been written at its agency at Kansas City, Mo., but there was no evidence of the genuineness of Leavitt's signature to it. It points out a number of particulars in which the proof of the loss and the accompanying papers are alleged to be insufficient, and states that certain things are demanded; but whether it was meant by this that they were demanded by the provisions of the policy, or by the company, for the perfecting of the proofs, is not clear. The objection urged against its admission is that it was not shown to have been written by Leavitt. But, in the view we take of the case, it is not necessary to go into that question, for,

1. EVIDENCE: unauthenticated letter: error without prejudice.

according to plaintiff's testimony, he incurred the labor and expense of procuring the duplicate invoices in obedience to the demand made upon him by Leavitt at the close of the examination; and, if it should be conceded that the demands of the letter were for the perfecting of the proof, they were but a repetition of the former demand, and were consequently immaterial. Defendant could not, therefore, have been prejudiced by the admission of the letter; and, conceding that there was error in its admission, it affords no ground for disturbing the judgment.

II. There was no direct evidence as to the extent of Leavitt's authority, and it was urged that, as the verdict necessarily implies a finding by the jury that he had authority to waive the forfeiture, it is without the support of evidence. Counsel contended that the case on this point is governed by *Hollis v. State Ins. Co.*, 65 Iowa, 454. But there is a clear distinction between the cases. In that case it was proven simply that an alleged agent was an adjuster of the insurance company, and that he called on the plaintiff with reference to the loss. It was not shown that the particular claim in question had been placed in his hands for adjustment, and we held, on that state of the evidence, that it could not be presumed that he had authority to do the particular thing which it was held would, if it were done by the authority of the company, amount to a waiver of the forfeiture. But in the present case it was shown by the secretary of the company that the claim was placed in Leavitt's hands for adjustment. He was the agent of the company, then, for the transaction of that particular business; and it will be presumed that he was authorized to do whatever was required to be done in adjusting the loss; and the verdict, so far as this question is concerned, is supported by that presumption.

III. The remaining question is whether the act of the agent in demanding that plaintiff procure the copies

*2. FIRE insurance: power of adjusting agent to waive conditions.*

3. ——: waiver of conditions of policy: what amounts to.

of the bills and invoices of his purchases, and submit them to the company for examination, amounted to a waiver of the forfeiture. In the *Hollis case*, we held that if the insurer, with knowledge of the facts constituting the forfeiture, continues to treat the contract as of binding force, and induces the insured to act upon that assumption, and incur expense and trouble while acting in that belief, he cannot afterwards go back and take advantage of the forfeiture. The facts of this case bring it within that holding. When defendant was informed of the destruction of the books and inventories, and the manner in which they had been kept, it had the right—assuming that those facts constituted a forfeit, as the court below held they did—at once to stand upon the forfeiture and declare the contract at an end. But it had the right, also, to waive the forfeiture and treat the contract as still in force, leaving the question whether it would pay the loss to depend upon subsequent investigation as to other facts. By its demand for the production of the copies of the invoices and bills, it made this latter election, for it thereby required plaintiff to produce for its inspection the evidence as to other facts upon which the question of its liability, independent of the forfeiture, depended. Having required plaintiff to incur the labor and expense of procuring the bills and invoices, and having obtained whatever advantage accrued from their production, it would be manifestly unjust to permit it now to go back and take advantage of the forfeiture. The facts of the case do not bring it within the holding of *Fitchpatrick v. Hawkeye Ins. Co.*, 53 Iowa, 335. In that case, the oral information as to the facts constituting the forfeiture was not full, and it was held that the insurer did not waive it by requiring written proof as to those facts, that being the character of evidence required by the policy. But in the present case the oral information as to the facts was full, and the additional evidence required relates to other matters. The judgment of the district court will be

AFFIRMED.