C. A. HUFF, Appellant, v. CENTURY FIRE INSURANCE COMPANY, Appellee.

Insurance: WAIVER OF FORFEITURE: EVIDENCE.   An insurance company may waive its right to insist upon a forfeiture by acts, reasonably indicating an intention to treat the contract as still subsisting, upon which the insured is led to rely and thereby alter his position to his injury; but in the instant case a waiver is not shown.

*Appeal from Calhoun District Court.*— Hon. F. M. Pow-
ers, Judge.

TUESDAY, DECEMBER 10, 1907.

ACTION to recover upon a policy of fire insurance.
Verdict directed for the defendant. Plaintiff appeals.—
*Affirmed.*

*E. C. Stevenson,* for appellant.

*Read & Read,* for appellee.

WEAVER, C. J.— It is conceded that defendant issued a
policy of insurance upon plaintiff's stock of goods to the
amount of $1,000, with permission to the insured to carry
concurrent insurance to the additional amount of $6,500.
It was a condition of the policy that the procuring of addi-
tional insurance, except with the consent of the defendant,
should avoid the contract and discharge the company from
liability. Without obtaining the company's consent the
plaintiff did procure additional insurance to the amount of
$9,000, or $2,500 in excess of the limit named in the policy.
During the term for which the policy was taken, and while
the full amount of said additional insurance was in force,
plaintiff's stock was partially destroyed by fire, resulting in
a loss of about $5,000. The defendant, with other companies
whose policies were held by plaintiff, was at once notified
and furnished with a statement of all the insurance held by
him. To this notice no response was made. Some ten
days thereafter several adjusters representing other com-
panies met at the plaintiff's place of business, and after
taking proofs of the loss and on the basis of there being ten
thousand dollars valid insurance, including the policy issued
by defendant, computed the share to be paid by each com-
pany at about $488. The adjuster for the defendant did
not appear until after this negotiation had progressed for a

considerable time. On his arrival he inquired what had been done, and, producing a blank form of proof of loss, asked one of the other adjusters for one of the proofs which had already been taken, from which he might fill his blank. While he was engaged in this work the other adjusters had a final interview with plaintiff, informing him that defendant's representative was preparing his proofs, and thereupon they settled with plaintiff on the theory that the policy issued by defendant was valid and would bear its proportionate share of the loss. The record does not show any conversation on the subject between the defendant's adjuster and the plaintiff, but the adjuster was informed by the representatives of other companies interested that they were settling with plaintiff on the basis of there being $10,000 valid insurance, and that the share of each company would be $488.64. The defendant's adjuster took these figures and carried them into the blank which he was filling out, and the plaintiff, inferring from the situation as stated to him by the other adjusters that defendant recognized its liability, settled with said other companies and accepted the sum so fixed upon from each of them in discharge of his claim. Defendant's adjuster, having filled the blank proofs of loss, did not present them to plaintiff for signature, and without explanation to him left town, and the company thereafter refused to recognize any liability on its part, claiming that the policy had been avoided by reason of the unauthorized additional insurance. Upon this showing made by the plaintiff, and without introducing any evidence in its own behalf, the defendant moved for a directed verdict in its favor on the ground that it affirmatively appeared by plaintiff's own showing that his policy had been forfeited by his act in taking additional insurance in excess of the amount permitted by the policy, and that no facts had been shown from which the jury could properly find that such forfeiture had been waived on part of the defendant. This motion was sustained, and under the direction of the court a verdict

was returned for the defendant.    From judgment entered on said verdict, this appeal has been taken.

There can be no question but the violation of the condition against additional insurance was sufficient to work a forfeiture of the policy.    But it is correctly argued that conditions for forfeiture are made for the benefit of the insurer, and may be waived by it.    *Lutz v. Insurance Co.,* 120 Iowa, 136; *Bloom v. Insurance Co.,* 94 Iowa, 359.    Concerning this proposition we do not understand there is any difference of opinion between counsel.    The one question presented by the record is whether facts are shown on part of the plaintiff from which the jury could properly find there was waiver.    There is no showing that defendant knew anything about the unauthorized additional insurance until after the fire.    When it was then informed of facts indicating a cause of forfeiture before loss, it had the right to claim advantage thereof and refuse to recognize any liability on the policy.    The mere fact that it did not respond to the notice of loss or take any steps looking to its payment would, of course, not be a waiver.    It could remain silent and passive without losing its right to the defense thus afforded.    If, however, knowing the existence of grounds of forfeiture, it did any act or took any steps reasonably indicating to the plaintiff an intention to treat the contract as still subsisting, and he was thereby led to make formal proofs of loss, or to alter his position to his prejudice, or incur labor or expense, the jury would have been authorized to find that the forfeiture had been waived.    *Lutz v. Insurance Co., supra; Rundell v. Insurance Co.,* 128 Iowa, 575.

It is at this point that we think the plaintiff failed to make a case.    The fact that several days after the fire, and after it knew of the additional insurance, defendant sent its adjuster to Rockwell, where the loss occurred, and there went through the form of preparing a proof of loss, which was never executed, it may be confessed, is somewhat inconsistent with this claim of reliance upon the defense of forfeiture,

and constitutes the only debatable ground on which an argument in support of the theory of waiver can be constructed. In view of that fact, we should be inclined to say the case should have been submitted to the jury, were it not for the omission in the plaintiff's case of which we are about to speak. Plaintiff was a witness in his own behalf, and shows that he met with the other adjusters and was told by them that defendant's adjuster was at the hotel filling up his blank proof of loss. But, so far as the abstract discloses, plaintiff did not meet him, or make any effort to meet him, to ascertain his attitude in the matter, and no word or communication passed between them. Plaintiff must have understood that the representatives of the other companies were naturally striving to drive the best possible bargain with him, and when, in order to scale down their several shares of the loss, they told him that defendant's adjuster was in town and preparing to settle with him, it would seem to have been a natural thing, especially in view of the facts as he knew them, for him to seek out the adjuster himself and learn the fact whether defendant proposed to recognize his claim. He did not do so. He was misled, not by any mistake or representation of the defendant's agent, but by the statement and representation of others not authorized to speak in its behalf.

Upon the record thus made, we think the verdict was rightly directed, and the judgment of the district court is therefore *affirmed*.