FOILES v. DETROIT FIRE & MARINE INSURANCE CO.

1. INSURANCE—LAND CONTRACT—CHANGE OF INTEREST.

A conveyance or transfer that tends to increase the interest of an insured owner, as by a default under a land contract outstanding at the time of issuance of the policy, and reconveyance or surrender of the contract equity to the vendor, does not come within the provisions of a policy requiring notice to the insurer of a material change in interest of the policyholder.

2. SAME—FIRE INSURANCE—NOTICE.

Where a mortgage foreclosure occurred, afterwards redeemed from by the insured, and the proceedings were conducted by advertisement without the knowledge of the mortgagor, there was not a breach of the clause in the policy requiring notice of foreclosure proceedings known

to the insurer, although it appeared that the attorney who foreclosed the instrument had, some months before the sale, acted for the insured in relation to another matter that had no connection with the real property.

3. SAME—VALUE OF DESTROYED PROPERTY—EVIDENCE.
Evidence showing the actual cost of a building destroyed by fire, and the estimated cost of reproducing it at the time of loss, with sworn proofs of loss giving its value, was sufficient to sustain a judgment on an insurance policy for a small part of the value which greatly exceeded the total amount of insurance.

4. SAME—PROOFS OF LOSS—WAIVER—ESTOPPEL.
After receiving proofs of loss under an insurance policy and objecting to them for insufficiency, a defendant insurance company, which received further proofs and made no further complaint, waived any insufficiency in the proofs furnished, and, the facts being undisputed, there was no question for the jury.

5. SAME.
The court properly directed a verdict for plaintiff on the policy, when no question of fact was raised by the evidence, which was undisputed.

Error to Houghton; Streeter, J.   Submitted November 18, 1912.   (Docket No. 83.)   Decided May 29, 1913.

Assumpsit by Ella Foiles against the Detroit Fire & Marine Insurance Company on a policy of fire insurance. Judgment for plaintiff on a verdict directed by the court. Defendant brings error. Affirmed.

*Hanchette & Lawton,* for appellant.

*Burritt & Burritt,* for appellee.

MCALVAY, J.   Plaintiff brought suit upon a certain fire insurance policy issued to her by defendant for $500 upon a certain frame dwelling house located at South Range, in Houghton county. Plaintiff recovered judgment in the case upon a verdict instructed by the

court in her favor against defendant for the amount of the policy, with interest. Defendant asks for a reversal of this judgment upon a writ of error.

This is one of three separate suits brought by the same plaintiff against three insurance companies to recover for a total loss claimed upon this dwelling house and its contents. In the instant case the policy covered only the dwelling house. This policy was issued April 22, 1910, for the term of one year. It was the regular standard form Michigan policy. The following rider was attached to it:

"It is understood and agreed that property insured hereunder has been sold under contract to Mrs. Madge Bietila."

And also the following clause:

"Subject to all the terms and conditions of this policy, loss, if any, hereunder, is payable to William Humphreys, as his interest may appear."

The real estate upon which this building was situated is described in the policy as: "Lot No. 1, block No. 5, South Range, Michigan." The building was also described as occupied by a female boarding house. The building and contents were entirely destroyed by fire August 22, 1910. At the time of the fire plaintiff was in Minneapolis, where she had been for about two weeks, and the building and contents were in charge of a caretaker employed by her to live in the house and take care of the property. She received notice of the fire by telegram while in Minneapolis a few days after the death and burial of her grandchild, and returned home promptly.

This insurance had been placed for her by Mr. James, who conducted an insurance agency. Upon her return she telephoned at once asking him what she should do about her fire loss and was told by him that he would attend to it for her. Before the expiration of the 60 days after the fire plaintiff made

sworn proofs of loss and caused the same to be served on the defendant. Afterwards, on December 12, 1910, defendant acknowledged receipt of these proofs of loss by letter, stating that they could not be accepted by the company as satisfactory. Plaintiff then made and verified additional and amended proofs of loss, which her attorney testifies were prepared by him and forwarded to defendant by registered mail. He produced a letter inclosing such proofs of loss and a post office registry receipt. Defendant made no objection to the amended proofs of loss furnished by plaintiff and did not question their sufficiency, and upon the trial they were offered in evidence by plaintiff, without objection, except as to their sufficiency.

The record shows that William Humphreys, mentioned in the policy, held a mortgage upon the house and lot at the time the insurance was effected. Proceedings were commenced to foreclose the same by advertisement and a sale made June 22, 1910. Of these foreclosure proceedings plaintiff had no knowledge until September, 1910. She redeemed from such foreclosure sale in full before the expiration of her equity of redemption.

The contract to Mrs. Madge Bietila, mentioned in the policy, having been forfeited by her, on June 22, 1910, she surrendered and transferred all her interest in and to these premises under it by quitclaim to the plaintiff, who from that time up to the time the loss by fire occurred, with the exception of about one week, had control and possession of all of said property, both real and personal. At the close of the case, each of the parties moved the court for an instructed verdict. The motion on the part of the plaintiff was granted.

Many errors are assigned by the appellant which in the presentation of the questions involved in its brief are discussed in five groups. These will be considered in the order presented and discussed.

The contentions of the appellant are as follows:

*First.* No notice was given the defendant of the transfer of the interest in the insured property, as required by the policy. This is based upon the transfer of this property made to plaintiff by Mrs. Bietila, which had been sold to her under contract, as stated in the insurance policy. As already appears, Mrs. Bietila, having defaulted in her payments under this contract, reconveyed all her rights under it to the plaintiff. This was a transfer by Mrs. Bietila of her equitable interest under her contract. This insurance was placed by defendant upon this dwelling with full knowledge of this interest. The defendant insured the interest of the plaintiff, who held the legal title, and this transfer to her was not such a change of interest in the property insured as would, within the provisions of the policy, make it void. This transfer increased the interest of the insured in this property, giving her the entire estate, both legal and equitable.

"A sale or conveyance of property which increases the interest of the insured, as where the insured mortgagee buys in the property at foreclosure sale or takes a conveyance from the mortgagor, thereby acquiring the whole interest, is not a breach of this condition." 13 Am. & Eng. Enc. Law (2d Ed.), p. 242, and cases cited.

The authorities relied upon by appellant to sustain its contention are all to the effect that these provisions under such a policy refer to any material change in the interest of the *insured* in the property.

*Second.* No notice was given defendant by plaintiff of the foreclosure of the Humphreys mortgage. The provision of the policy claimed to have been violated, and which made the policy void, is as follows:

"This entire policy  *  *  *  shall be void,  *  * * if, with knowledge of the insured, proceedings be commenced or notice given of the sale of any property

covered by this policy by virtue of any mortgage or trust deed."

The evidence in the case is undisputed that plaintiff had no knowledge that proceedings had been instituted to foreclose this mortgage. The defendant by its policy knew of and recognized the Humphreys mortgage on these premises. The proceedings were begun by advertisement, and the property was sold without the knowledge of plaintiff. The record shows that she first acquired that knowledge in September, 1910, after the fire. Appellant contends that she had constructive knowledge of such proceedings because the attorney for the mortgagee also had done business for the plaintiff as an attorney. The record shows that their relations ceased in April, 1910; that this attorney was not acting for her at the time the foreclosure proceedings were commenced; that he was never employed by her to look after this property; and he testifies that he never gave her notice of these foreclosure proceedings. Therefore plaintiff had no knowledge of these proceedings, either actual or constructive. Under the undisputed facts of this case, there was therefore no forfeiture under this clause.

*Third.* It is contended that no sufficient evidence of the value of the property destroyed was shown. There was evidence in the case tending to show that four years before the fire the value of the building was from $1,600 to $1,700, and its depreciation would not exceed 3 per cent. This estimate was made before the building was enlarged by raising one story and adding seven rooms, the materials for which cost $600. There was evidence tending to show that after the building was enlarged, and at the time of the fire, it would cost $3,500 to build it. The total insurance on the building was only $1,300, and the amount claimed under this policy was $500. In any view of the evidence upon the question of the value, it was largely in excess of

the total amount of insurance, and the building was a total loss. No evidence was offered on the part of defendant relative to values. The sworn proofs of loss referred to were both offered and received in evidence, and each shows as the "sound value" of the building destroyed the sum of $3,000. As already stated, after the amended proofs of loss were furnished, defendant made no objection that they were not sufficient upon the statement of value or any other matter. The evidence in the case upon the question of value of this building was sufficient to justify the court in holding that the building was a total loss and of a value greater than the total insurance.

*Fourth.* Insufficiency of proofs of loss. Appellant contends that under the policy insufficient proofs of loss were furnished by plaintiff. A full statement has. already been made as to the proofs of loss furnished by plaintiff. The objection made to the first proofs was general, and not specific, and plaintiff undertook to and did furnish further proofs of loss, which were received by defendant, and no further objection was made that they were unsatisfactory and insufficient in any particular. By remaining silent and calling for no further information, defendant is estopped from claiming upon the trial that these proofs of loss were defective. *Mercantile Ins. Co.* v. *Holthaus,* 43 Mich. 423, 427 (5 N. W. 642) ; *Marthinson* v. *Insurance Co.,* 64 Mich. 372, 383 (31 N. W. 291), and cases cited.

Where there is a dispute relative to the acts of the defendant which are claimed to constitute a waiver, or as to what would be a reasonable time in delaying to require further proofs of loss, this court has held that the question is one of fact for a jury; but in cases like the instant case, where there is no dispute upon the facts, this court has determined the question as one of law.

*Fifth.* Error committed in directing a verdict for

the plaintiff.   It is urged by appellant that, in any view of the case, it should have been submitted to the jury for determination upon the facts.   In our opinion the facts in the case were conclusively established in favor of the plaintiff upon undisputed evidence.

The court therefore was not in error in directing a verdict for the plaintiff for the amount of the policy, with interest.

The judgment is affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.