## Wytheville.

WEST SALEM LAND CO. v. MONTGOMERY LAND CO.

June 30th, 1892.

CORPORATIONS—*Purchase of land—President's authority—Ratification.*—The president of a land company signed a contract for the purchase of certain real estate, without authority from the board of directors or the charter of the company, but the purchase was reported to the company, and it accepted the same, capitalized the land, laid off lots, sold part of its stock, ratified the act of the president in selling part of the land, offered the rest for sale, and agreed to issue its bonds and pay for the land.

HELD:

Ratification of the purchase, though the minutes of the company showing these facts were not signed.

Appeal from decree of the circuit court of Montgomery county, rendered (in vacation) December 29th, 1891, in the chancery cause wherein the Montgomery Land Company was complainant and the West Salem Land Company was defendant. The decree being adverse to the defendant company, it appealed. Opinion states the case:

*G. W. & L. C. Hansbrough,* for appellant.

*Phlegar & Johnson,* for appellee.

LACY, J., delivered the opinion of the court.

The bill was filed by the appellee company against the appellant company to have specific performance enforced by the court of a contract of sale of a valuable tract of land near the town of Christiansburg, in Montgomery county, containing 353 acres of land, upon terms set forth in said con-

tract in writing, tendering a deed, and seeking to enjoin waste upon the said land, which was in the hands of the said company as purchaser under the said contract of sale. The terms of sale are set forth in said bill, and part payment admitted. In an amended bill it is asked that a receiver be appointed to care for these lands in the meantime.

The appellant company filed its demurrer and answer, and, admitting the sale and the purchase by it, for answer, says that the said sale was not a valid sale to it, and it is not bound by it, for the following reasons : The said contract was made by George Allen, president of the appellant company, and, under the law of this state, the president of a joint-stock company has no inherent power as such to bind the company by the contract for the purchase of real estate ; the charter gives him in this case no such power, nor do the by-laws ; that the charter does not authorize the board of directors to purchase land for the company, nor do the by-laws do so ; that the president had no power from any source to make the said purchase ; and that there has never been any valid ratification of such purchase subsequent to it ; and asks that the validity of the sale be first determined by the court ; and raises a still further objection that there is a vendor's lien due by the complainants on this land to their vendors, and although these last-suggested persons agree to receive satisfaction under and through the contract of sale in question, and agree to unite in the sale, still specific performance should not be decreed, as the bill does not state distinctly how much of the payments already made has been paid to them ; and there are some other minor defenses—that the complainant had never called for the stock agreed to be issued in part satisfaction by the respondent company, &c. But the chief reliance of the appellant company is the want of authority on the part of the president to bind it by any contract of purchase.

Upon the hearing the circuit court of Montgomery county

decreed specific performance, and the defendant company applied for and obtained an appeal to this court.

As to this question of the authority of the president, the record shows that the contract of purchase was made in writing, in the name of the company, by the president, on the 8th day of May, 1890; and the records of the company show that this purchase was reported to the company on the 13th of June following; and it was proposed to capitalize this purchase by the issue of $200,000 of stock, to elect three members of the Montgomery Land Company as directors of the West Salem Land Company, and to found a new city, to be called " Cambria "; all of which was agreed to, the purchase accepted and adopted, and the three directors elected and a local manager chosen. Subsequently some of the land was sold to the Norfolk and Western Railroad Company by the president, and this action endorsed; and the said company, by maps, circulars, and advertisements in the public press by the agents for sale, and, in like manner, solicited subscriptions to the $200,-000 of stock issued to pay for this land, actually sold $25,000 of the said stock, in shares of $10 each, and about $40,000 of this stock was subscribed for, and 1,000 lots laid off for sale; and it appears from their records that a large part of the stock subscribed for was not paid for, but it was agreed to sell the bonds of the company to meet a remaining indebtedness on this land of $18,950, and thus get time needed, and enable the company to wait for more prosperous times, when lots could be sold.

But it appears that for some reasons the minutes of the company were not signed, and this is claimed as a ground for resisting the liability of the company for the debt incurred in the purchase of the land in question. The contention is that the president was not authorized, acting alone by the charter, and that therefore the company was not bound. But, whether authorized or not, in his capacity as president and agent of the company, to make a binding purchase, this purchase was

duly accepted and ratified by the company, and the benefits of the purchase received, and the land appropriated, and some of it actually sold, and all of it offered for sale. By this ratification the company became bound, and they cannot receive and affirm the agent's authority, and at their pleasure reject and disaffirm their bargain because of a falling market, upon the neglect by the company to perform some act which can be performed by them.

In Beach, Corp., § 195, it said: " Directors may ratify the unauthorized acts of their appointees, or the acts of other corporate officers, which should not have been done without authority first obtained from the directors." " Ratification may also be presumed from a failure to exercise promptly the right of disaffirmance." And ratification may be presumed from acts of recognition, beyond the time during which disaffirmance should have been made. And in section 195 it is said: " If a person assuming to act as agent of a corporation, but without legal authority, or an agent in excess of his proper authority, makes a contract, and the company knowingly receive and take the benefit of it, this will be a ratification of the contract, and render the corporation liable as a party to it."

When these sound principles are applied to this case, it is clear that this contract in writing is of obligation upon the appellant company. They have ratified and affirmed the contract in question ; they have received the benefit of it, and appropriated the proceeds of the sale of a part of these lands, and it is too late for them to seek to annul the agreement, and have the same rescinded. The appellant company is bound by its contract, and the circuit court did not err in decreeing specific performance of the same. See *Kelly* v. *Board Public Works*, 75 Va. 263. And the decree appealed from must be affirmed.

DECREE AFFIRMED.