A. B. LONG, Appellant, v. JOHN OSBORN.

Principal and Agent: Ratification: PLEADING AND PROOF. A
plea that an agreement was entered into by defendant admits
proof that it was made with his agent, and ratified.

Instruction: Assuming Disputed Fact. An instruction should
2  not, in submitting the question whether an agent had authority
to make a contract, the existence of which is in dispute, refer to that
contract as being one "he did make."

1  Practice: Conditional Admission of Testimony. Where
declarations of an alleged agent are admitted on a promise to show
agency later, there must be some proof that there was authority to
make the declaration when made; and the promise is not met by
proof of ratification.

*Appeal from Decatur District Court.*—HON. H. M.
TOWNER, Judge.

FRIDAY, MAY 18, 1894.

ACTION at law to recover the possession of real
estate. There was a trial by jury, and a verdict and
judgment for defendant. The plaintiff appeals.—*Reversed.*

*Harvey & Parrish* for appellant.

*C. W. Hoffman* for appellee.

ROBINSON, J.—The plaintiff owns and seeks to
recover the possession of a farm in Decatur county,
which is occupied by the defendant. It was leased to
the defendant for the year which commenced March 1,
1891, and he claims that in November it was leased to
him for the next year. That is denied by the plaintiff.

I.   The lease for the first year was in writing.
The defendant claims that the lease for the second year
was verbal, and that it was made on behalf of the
plaintiff by one S. A. Gates, as agent. The defendant
testified that the business involved in the execution of
the first lease was transacted by Gates in the presence
of Long; and he then testified that he went to see
Gates about renting it for another year, as we understand the record, in October. He was then asked
to tell what occurred. The plaintiff objected
to the question for the reason that it had not
been shown that Gates was authorized to act for the
plaintiff. The defendant stated that he expected to

show that Gates was the agent of plaintiff, and the objection was overruled. The defendant then testified at some length respecting negotiations with Gates, at different times, in regard to renting the farm, and that terms were finally agreed upon, and a verbal lease for another year made by Gates, for the plaintiff. When the evidence for the defendant had been submitted, the plaintiff moved that all the testimony showing declarations of Gates, as the agent of Long, be withdrawn from the jury, on the ground that the agency had not been shown. The motion was overruled. We think it should have been sustained. There was some evidence which tended to show that Long knew that Osborn was intending to remain on the farm another year; and was willing to have him do so, and directed him where to do certain work, which defendant claims was to be done in payment of rent. That evidence may have been competent, as tending to show a ratification by plaintiff of the alleged agreement entered into by Gates for a second lease; but it did not show that he was authorized to act as agent when the declarations in question were made, and there was no other evidence tending to show that he had such authority.

II. The fourth paragraph of the charge is as follows: "(4) In the case at bar the defendant sets up an alleged contract of lease made by S. A. Gates as the agent of plaintiff. If you find said Gates was the agent of said plaintiff, and had authority from him to make the contract he did make, then plaintiff would be bound thereby." The plaintiff objects to this paragraph on the ground that it assumes that Gates made a contract, whereas that is a matter in dispute. We think the objection is well founded. It is not admitted on the part of plaintiff, but denied, that Gates made an agreement with defendant, and there is testimony which tends to sustain the denial. The same objection is made to a part of the fifth paragraph

of the charge, and it is well founded for the same reason.

III. Different portions of the charge instructed the jury, in effect, that a lease made by Gates would bind the plaintiff, although not authorized when made, if it was subsequently ratified by the plaintiff. The plaintiff objects to the instructions thus given on the ground that a ratification was not pleaded, and was therefore not in issue. It is the general rule that the adoption by a principal of the unauthorized acts of an agent goes back to the inception of the transaction, and continues to its end. *Eadie v. Ashbaugh*, 44 Iowa, 520; Mechem, Ag., section 167; 1 Am. & Eng. Encyclopedia of Law, 429. "The ratification operates upon the act ratified precisely as though authority to do the act had been previously given, except when the rights of third parties have intervened between the act and the ratification." *Cook v. Tullis*, 18 Wall. 332. We are of the opinion that, when the unauthorized agreement of an agent has been ratified by his principal, an action may be brought thereon, as though originally made by due authority, and that it is not necessary, in the first instance, to allege in the pleading the ratification, but that it may be shown in proof of the agreement. The defendant alleged in his answer that he had entered into a verbal agreement for the use of the farm the second year, and that he held possession under that agreement. We think evidence that such an agreement was made with him by Gates, and that it was subsequently ratified by the plaintiff, would have been relevant and competent to sustain the averments of the answer. For the reasons shown, the judgment of the district court is REVERSED.