THE STATE BANK OF TABOR, Appellant, v. ISAAC KELLY, et al.

Collecting Agents: AUTHORITY. *Ratification.* Where a bank's debtor transferred a third party's note to a bank's agent in part payment of his indebtedness to the bank, when such agent was authorized only to receive cash, it will be presumed, in the absence of proof
1   to the contrary, that the agent reported the transaction to the bank; and hence where it retained such note for eighteen months thereafter, it will be held to have ratified the transaction, and cannot then claim that the note was taken as collateral security merely.

Plea and Proof: RATIFICATION: *Payment.* Where an agent, authorized only to receive cash in payment of his principal's claim accepted a note held by the debtor against a third party in payment, the debtor is entitled to show ratification by the principal when sued
2   on the debt, under a plea of payment.

*Appeal from Mills District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, OCTOBER 25, 1899.

ACTION in equity upon a promissory note and to foreclose a mortgage securing the same.    From a judgment in favor of defendants, plaintiff appeals.—*Affirmed.*

*E. B. Woodruff* for appellant.

*John Y. Stone* for appellees.

WATERMAN, J.—One W. M. Coats, a director of plaintiff bank, negotiated the loan represented by the note sued upon, taking the note, together with the mortgage securing it, in his own name. He afterwards transferred them to the bank. Subsequently to the transfer, Coats looked after the matter for the bank, and received the various payments made by defendant. The petition is in the usual form. The answer avers payment, and sets out the various amounts, and dates thereof, for the payment was in installments. Among the other allegations of the answer is this: "On October 25, 1893, the defendant, Isaac Kelly, paid $200 on said note to said W. M. Coats, who was agent of the plaintiff, and authorized to receive such payment. This $200 was paid in the form of a note made by Thomas Partridge and John Baldwin to the defendant Isaac Kelly, which will be more fully explained hereafter." The controversy here is as to this payment. Plaintiff admits having received the note, but claims that it was taken as collateral security only, and that it has never been paid. Defendant, on the other hand, insists that it was taken as payment to the full extent of its face value. As we have said, the payments on the note in suit were made to Coats as representing the bank. When the Baldwin note was given to Coats, he receipted therefor in this form: "Received of Isaac Kelly, note for $200, signed by Thomas Partridge and John Baldwin. Note dated December 23, 1892, interest at 7 per cent. To apply on note in bank. W. M. Coats." Defendant testifies that he intended and understood this to be accepted as a payment *pro tanto* on his obligation. Prior to this time the cashier of the bank had told defendant that whatever Coats did in the matter would be satisfactory to plaintiff. It does not appear what statement, if any,

Coats made to the bank when he sent to it the Baldwin note, which he did promptly after receiving the same. It is undisputed, though, that the bank retained this note for some eighteen months after its receipt before notifying defendant that it was not acceptable as a payment. It is true, the cashier testifies that he notified defendant, before the transaction as to the Baldwin note, that it would be taken by the bank only as collateral. But we think, when all the facts and circumstances are considered, we are not justified in finding in accordance with this statement. As we see the case, the facts established are these: "Kelly transferred this note to Coats as a payment on his obligation. Coats accepted it as such, and tranferred it to the bank. We are authorized to assume, in the absence of evidence to the contrary, that he reported to his principal the facts of the transaction. If so, the retention of the note by the bank would be a ratification of Coats' act. We may say here that it is conceded by defendant that Coats' authority did not warrant him in accepting anything but cash in payment of the Kelly note. The position of counsel is that his act in taking the Baldwin note was ratified by the bank, and we accept this theory as to Coats' authority in our discussion of the case. Under the plea of payment, ratification can be shown. *Long v. Osborn,* 91 Iowa, 160. It is elementary that if the bank, with knowledge of the terms on which Coats received the Baldwin note, took and retained the same without objection, it will be held to have ratified what Coats did. Indeed, there is authority for saying that the bank, when it received this paper, was under obligation to inquire and ascertain the facts of the transaction with Coats, and is bound by the knowledge which such an inquiry would have given. *Busch v. Wilcox,* 82 Michigan, 336 (47 N. W. Rep. 328).

We need not follow counsel in the other matters discussed, in view of our finding that the Baldwin note was given by defendant and received by Coats in payment to

the extent of its face value, and that plaintiff ratified the transaction.

It is thought by counsel for plaintiff that the fact of the Baldwin note drawing seven per cent interest only, while defendants' obligation drew eight per cent., is a circumstance strong enough to rebut the idea of the acceptance of the former as payment. But there was accrued interest on the Baldwin note when it was transferred, and this may have been an inducement to take it. The conclusion of the district court is fully warranted.—AFFIRMED.