G. E. CANTRELL, Respondent, v. HARRY DAVIDSON, Appellant.

Kansas City Court of Appeals, June 1, 1914.

1. BANKS AND BANKING: Bills and Notes: Assignment of Note: Statute Requiring Resolution of Board of Directors. Plaintiff brought suit on a note payable to a bank but which he claimed to own. Prior to the suit he had been cashier of the payee bank. The directors did not consider the note good and required plaintiff to account therefor and to pay a deficit caused by various shortages and bad notes taken by plaintiff while cashier. Plaintiff agreed to repay to the bank the shortage in consideration of which the bank agreed to turn over to plaintiff the notes represented and included in the amount of the deficit. Plaintiff had previously, in an attempt to collect the note, endorsed it in blank by himself as cashier and sent the note to an attorney for collection. Plaintiff paid the deficit in settlement of the matters between the bank and himself as cashier and then resigned. The attorney holding the note returned it to the bank, and the bank turned it over to plaintiff pursuant to the settlement. No formal resolution authorizing its transfer was passed by the board of directors, but the settlement and the payment of the deficit and the turning over of the note pursuant thereto was with the knowledge and consent of the officers and directors. The bank conceded plaintiff's title and disclaimed any interest in the note. Held, that plaintiff's title to the note did not rest on the endorsement made by him while cashier, but on the settlement and the transfer and delivery of the note by the

bank made pursuant to said settlement, and that section 1112, R. S. Mo. 1909, denying to the cashier, or any other employee of a bank, power to endorse or sell any notes of the bank until authority is given by a resolution of the board passed at a regular meeting and placed of record, has no application.

2. ——: ——: ——: **Defendant in no Position to Complain.** Such statute is for the protection of the bank. And since the bank knew of and consented to the settlement, and received the money for the note and retains the same and concedes plaintiff to be the owner of the note, defendant is in no position to complain of the absence of a formal resolution authorizing the transfer of the note to plaintiff, since the only interest defendant can have in that matter is to see that he is in no danger of having to pay the note twice.

3. ——: ——: ——: **Ratification: Estoppel.** When the bank accepted and retained the money for the note it became bound by the transaction, and even if the settlement and agreement to turn over the note was unauthorized, it could, in the circumstances of this case, ratify such transaction and the ratification need not be evidenced by a formal resolution of the board of directors.

4. **BILLS AND NOTES: Assignment.** When the bank received the money and turned the note over to plaintiff, no written endorsement thereon was necessary to pass title to him.

5. ——: **Payment.** When a stranger pays his money for a note and takes it up, the presumption is that he has bought it and not that he has paid it off. If, in taking up the note, he paid his money therefor intending to hold the note as his own, he becomes a purchaser of the note and it was not extinguished.

6. **PLEADING: Filing Amended Reply.** It is not error to permit an amended reply to be filed after the trial has begun. And an amended reply which does not set up a new cause of action, or an additional cause of action, and which does not supply a necessary material allegation in the petition, is proper.

7. **TRIAL: Practice: Statement of Counsel.** A statement of counsel as to why suit was dismissed as to one of the defendants called forth by a reply made by opposing counsel to a former statement that the case had been dismissed as to such defendant, neither of which statements were of a nature to prejudice the jury cannot be deemed a sufficient cause for reversing the judgment.

8. ——: ——: **Cross-examination of Witness: Discrediting Matters: Discretion of Court.** Cases which hold that a witness may be compelled on cross-examination to answer any question,

however irrelevant, which tends to test his credibility, or to shake his credit by injuring his character, expressly except cases where the answer would expose the witness to a criminal charge. The extent of such cross-examination is within the discretion of the court. And even if such cross-examination is proper but was forbidden by the court, where the party later on obtained the benefit of such evidence, the refusal to permit the cross-examination cannot be complained of.

Appeal from Cass Circuit Court.—*Hon. A. A. Whitsett*, Judge.

AFFIRMED.

*Smith & Chastian* for appellant.

(1) Payment of a debt once made, and by whomsoever made, discharges the debt except there be some legal fact which authorizes the party making the payment to do so on behalf of the obligor. II Daniel Netotiable Instruments, Sec. 1222; Wolff v. Walter, 56 Mo. 292; Vansandt v. Hobbs, supra; Bunn v. Lindsay, 90 Mo. 252; Crane v. Neal, 103 Mo. App. 122; Bell Telephone Co. v. Hannil, 153 Mo. App. 405. (2) The court erred in giving instruction No. I, on behalf of plaintiff, in submitting to the jury the question as to whether or not plaintiff was the owner of the note in suit, since that, under the evidence, was, if not a pure question of law, a question of mixed law, a fact which should not have been submitted to the jury for its determination. Speak v. Ely & Walker Dry Goods Co., 22 Mo. App. 122; Stevens v. Crane, 37 Mo. App. 495; W. W. Kendall Boot & Shoe Co. v. Bain, 46 Mo. App. 589; Carroll v. Campbell, 110 Mo. 570.

*Jas. S. Brierly, Silvers & Silvers* for respondents.

(1) Every bank officer including every director is an agent for the bank; and the acts of such are corporate acts. 5 Cyc. 457 (4); State Bank v. Senecal, 13 La. 525; State Bank v. Commercial Bank, 45 Am. Dec.

280 (Miss.). (2) A bank is charged with a knowledge acquired by its president or other officers pertaining to transactions within the scope of the bank's business. 5 Cyc. 460; Hickman v. Green, 123 Mo. 176; Bank v. Lovitt, 114 Mo. 525. Where a bank accepts and retains the benefit of an officer's act it is bound by the transaction of such officer. Bank v. Bank, 107 Mo. 145; Akers v. Ray Co. Savings Bank, 63 Mo. App. 316; Bates v. State Bank, 2d Ala. 451.

TRIMBLE, J.—This suit is on a promissory note for $1316.18 payable to Adrain State Bank, and bearing the names of Harry Davidson and Mary E. Davidson as payors. The latter is the wife of the former, and, originally, the suit was against both; but the wife filed a plea of *non est factum,* whereupon suit was dismissed as to her.

The petition alleged the execution of the note; that payments had been made thereon aggregating $489.32; that it had been assigned, transferred and delivered to plaintiff; and that he is the owner of the same.

Defendant, Harry Davidson's answer admitted that he executed the note; that the payments set forth in the petition had been made thereon and that still other payments had been made by which the note was fully paid and discharged. The answer then denied that the note was ever assigned to plaintiff and denied plaintiff's ownership thereof.

The reply was, at first, a general denial. But after the trial commenced, plaintiff, over the objection of defendant, filed an amended reply in which payment of the note was denied, and then set up the following facts: That in August, 1911, (long prior to the date of the filing of the petition), plaintiff was cashier of the Adrian State Bank; that the note in suit was not considered by the officers and directors of said bank a good note and they required plaintiff to account to said bank therefor; that plaintiff agreed to pay the bank

the amount of said note in consideration of which the bank agreed to transfer and deliver said note to plaintiff; that pursuant to said agreement, he paid the bank the amount of the note which the bank accepted, and the note was transferred and delivered to him with the knowledge and consent of the officers and directors of said bank; that previous to this the note had been endorsed as follows: "Adrian State Bank by G. E. Cantrell, cashier;" that no other endorsement was made on the note; that upon payment by him as aforesaid a settlement was made between him and the bank and he resigned as cashier in August, 1911, and thereupon the note in question was delivered to him and he has had the custody thereof ever since, and the bank has recognized the validity of the transfer to plaintiff and of his title to said note.

A motion was filed to strike out this new matter which the court overruled.

Evidence was offered tending to fully support plaintiff's claim as to how he obtained title to and possession of the note, and no evidence to the contrary on this point was shown. The evidence offered by defendant bore on the issue as to whether or not the note had been paid and discharged. The jury found that it had not, and returned a verdict for plaintiff for the balance due on the note.

It is contended that the court erred in allowing the amended reply to be filed and in not sustaining defendant's motion to strike it out. There was no error in allowing it to be filed after the trial had begun. [Sheehan etc. Co. v. Sims, 36 Mo. App. 222; Turner v. Butler, 126 Mo. 131.] Section 1809, Revised Statutes of Missouri, 1909, provides that a plaintiff may, in a reply, "allege in ordinary and concise language and without repetition any new matter not inconsistent with the petition, constituting a defense to the new matter in the answer." Of course a reply which sets up a new cause of action or an additional

cause of action, or which supplies a material allegation omitted from the petition, cannot be permitted. But the amended reply did none of these. The petition alleged a cause of action in plaintiff on the note. The amended reply was directed toward the same cause of action; and, so far from being inconsistent with the petition, it merely set up the facts showing in what manner plaintiff became and was the owner and holder of the note as alleged in the petition. If the facts alleged in the petition and in the amended reply did not constitute a cause of action no demurrer was filed to either the petition or the amended reply. But the issues raised were litigated and submitted to the jury, and, after verdict, the petition should receive every reasonable intendment in its favor.

The main contention of defendant is that its demurrer to the evidence should have been sustained because the endorsement of the note and the transfer and delivery thereof to the plaintiff was not authorized by a formal resolution of the board of directors, as provided by Section 1112, Revised Statutes of Missouri, 1909. That section provides that "The cashier . . . shall have no power to endorse, sell, pledge or hypothecate any notes . . . received by said corporation for money loaned, until such power and authority shall have been given such cashier . . . by the board of directors, in a regular meeting of the board, a written record of which proceeding shall first have been made."

Plaintiff says this statute has no application to the facts of this case. He does not claim title to the note by virtue of the endorsement "Adrian State Bank by G. E. Cantrell, cashier," made by himself while he was cashier. That endorsement was not placed there for the purpose of transferring the note to himself. Prior to any negotiations between himself and the bank, it was decided to send the note to the Farmer's Bank of Bates county, Missouri, at Butler for collection, and the

endorsement was placed thereon at that time. It was not sent to that bank, however, but instead was sent for collection to Mr. Silver, an attorney at Butler. In some way, though, the amount of the note was charged on the books against the Butler bank as if it had been sent to that bank; and another amount of $1000 was also charged against the Butler bank which should have been charged elsewhere, making somewhere in the neighborhood of $2300 which the books showed was held by the Butler bank but which in fact it did not hold.

It seems that after this and shortly prior to August, 1911, the Adrian State Bank discovered that there were certain shortages in its assets and also bad notes taken while plaintiff was cashier, all of which amounted to $7200 in round numbers. Plaintiff was required to make this $7200 good, and, through the help of his father, did so. Pursuant to an agreement and arrangement made between plaintiff and the bank, with the knowledge and consent of all its officers and board of directors, this $7200 deficit was paid by plaintiff to the bank, and, under the terms of the settlement, all notes going to make up the $7200 were to be turned over to plaintiff. In this $7200 deficit was included the $2300 deficit on account of the Butler bank not owing said amount as the Adrian Bank books showed it did. And the amount of the note in suit was included in and went to make up this $2300 as hereinbefore stated. There is some question in the testimony whether the note in suit was mentioned specifically as being one of those to be turned over to plaintiff, but there is evidence tending to show that it was. It is undisputed, however, that, in consideration of the Adrian State Bank being paid this $7200 by plaintiff, it was agreed that all notes included in the amount of said deficit should be turned over to plaintiff and this agreement was made with the officers and directors of the bank and with their full knowledge and consent. The note

in suit, at the time of the settlement and payment of said $7200, and the resignation of plaintiff as cashier, was in the hands of Mr. Silver to whom it had previously been sent for collection. The settlement and resignation of plaintiff as cashier occurred August 28, 1911, and some three weeks after that, Silver returned the note to the bank and it in turn delivered it to plaintiff. Thereafter this suit was brought.

It was clearly shown and not disputed that the bank makes no claim to the note whatever, but recognizes plaintiff's title thereto pursuant to the agreement and settlement had between it and plaintiff as its former and retiring cashier.

Although, during the negotiations between the bank and the plaintiff for a settlement as cashier, and at the time of said settlement, there was frequent meetings of the board of directors, and the settlement, with all its terms and conditions, was fully known to them, no formal resolution authorizing the turning over of said notes to plaintiff was spread upon the records of said bank, and for this reason defendant says plaintiff is not the owner of the note in suit because of the provisions of section 1112 aforesaid.

We do not think this section applies to the facts here shown. By said section it was never intended that a transaction entered into by all the officers and directors of a bank for the undoubted benefit thereof should be rendered void merely because no formal resolution authorizing the transaction was spead upon the records. Section 1112 is for the protection of the bank against the acts of a cashier or other officer who attempts to dispose of its assets. But plaintiff's ownership of the note in question does not rest upon the endorsement in blank appearing on the back of the note, nor upon a transfer made by plaintiff at all. It is founded upon the agreement and settlement made with him by the bank and the subsequent delivery by

the bank of the note to him. Simply because no formal motion was first placed on record does not invalidate what was done in this case. The cases of Long v. Long, 167 Mo. App. 79, and Vansandt v. Hobbs, 84 Mo. App. 628 in no way conflict with this view. In the Long case, Long's title to the note rested solely on his endorsement to himself. There was no payment by him of the amount of the note to the bank and no agreement on the part of the directors to turn it over to him in consideration of such payment. And the court expressly says there was no question of ratification in the case. In the Vansandt case the facts were also wholly different to those in the case at bar.

Under the facts in this case, it is not perceived how defendant is in any position to complain because no formal resolution was passed. He admits execution of the note, and the jury says he still owes it. The bank makes no claim to the note, in fact, it is clearly shown that, as between it and plaintiff, the latter's ownersihp is admitted and unquestioned. The only interest defendant can have in the matter is to see that he is in no danger of having to pay the note twice. When Cantrell paid the bank for the note and the same was delivered to him, no written endorsement thereon was necessary. [Sec. 10019, R. S. Mo. 1909; Prather v. Hairgrove, 214 Mo. l. c. 161.] When the bank accepted and retained the money for the note it was bound by the transaction, and even if the settlement and agreement to turn over the note was unauthorized, it could ratify such transaction, and such ratification need not be evidenced by a formal resolution of the board of directors. [Washington Savings Bank v. Butchers, etc., Bank, 107 Mo. l. c. 145.] A bank can be the subject of estoppel the same as an individual. [Akers v. Ray County Bank, 63 Mo. App. 316.] The knowledge of the officers and directors of the bank was the knowledge of the bank itself. [5 Cyc. 460.] Consequently, defendant cannot be harmed and is rais-

ing a question in which he has no interest. Section
1112 does not apply to an act done by the officers and
directors of a bank for its benefit, nor does it attempt
to provide that the directors shall evidence their agree-
ments and settlements in any particular way.

Complaint is made of certain things said by plain-
tiff's attorney in the opening statement. It is not per-
ceived how they prejudiced the jury, or could be so vi-
cious as to require a reversal of the case. What was
at first said was entirely proper since two signatures
appeared on the note and naturally the question would
arise why only one of the signers was sued. To ex-
plain this, plaintiff's attorney said that "the situation
is such that we do not now ask for a judgment against
Mrs. Davidson, the wife of Harry, so we have taken a
nonsuit as to her." There was nothing in this state-
ment requiring an answer, but defendant's attorney
said, in answer to the above statement, "Mary E. Da-
vidson never did sign the note, and because of that
fact the case was dismissed here today as to her."
Thereupon plaintiff's attorney replied that the note
showed her name signed to the note but as a matter
of fact she did not sign; that it was signed by Harry
Davidson who also signed the name of his wife, but
as she denied that she authorized him to sign and that
as they had no proof that she did authorize him to sign,
they had dismissed as to her. We cannot see wherein
the case should be reversed for this. No charge of
forgery was made. Merely that, as authority to sign
was denied and they had no proof of authority, they
had dismissed as to her. It was called forth by the
reply and is not sufficient as a cause for disturbing the
judgment. Cases should not be reversed for such mat-
ters. [Sec. 2082, R. S. Mo. 1909.]

It is also claimed that the court erred in not allow-
ing defendant to show by the plaintiff himself that he
had wrecked the bank of which he was cashier and had
embezzled its funds. The cases which hold that a wit-

ness may be compelled on cross-examination to answer any question, however irrelevant, which tends to test his credibility or to shake his credit by injuring his character, expressly except cases where the answer would expose the witness to a criminal charge. [Muller v. St. Louis Hospital Assn., 73 Mo. 242.] But the extent of such cross-examination is within the discretion of the court. [1 Greenleaf on Ev., Sec. 461b; Miller v. Journal Co., 246 Mo. 722 l. c. 726.] And defendant afterwards got the benefit of whatever there was in such facts, since it was brought out in the testimony that plaintiff was prosecuted for his conduct of the bank while cashier and was acquitted.

Complaint is also made of the instructions; of instruction No. 1 for plaintiff because it submitted to the jury a question of law, namely, whether plaintiff was the owner of the note in question. But instruction No. 2 fully set forth what the jury were required to find in order to make him the owner of said note, and the two instructions taken together did not submit a question of law.

Other complaints are made of the instructions but we do not think they are open to the criticism made.

The payment by Cantrell to the bank of the money on the note could not be construed as a payment and extinguishment thereof. Cantrell was not a party but a stranger to the note. When a stranger pays his money for a note and "takes it up" the presumption is that he has bought it and not that he has paid it off, and when Cantrell "took up" the note and paid his money therefor intending to obtain and hold the note as his, he became a purchaser of the note and it was not paid off or extinguished. [Prather v. Hairgrove, 214 Mo. 142; Allen v. Dermott, 80 Mo. 56, l. c. 59; Swope v. Leffingwell, 72 Mo. 348.] The circumstances under which Cantrell paid for the note did not indicate an intention to pay the note off or to extinguish it. If there was any inconsistency between plaintiff's

instruction No. 3 and defendant's instruction No. 9 upon the effect to be given plaintiff's "taking up the note" the inconsistency was an error not in favor of but against plaintiff, since the instructions stated the law against plaintiff stronger than it is.

The judgment must be affirmed. It is so ordered. All concur.