STORY COUNTY TRUST & SAVINGS BANK, Appellee, v. ESTATE OF L. D. YOUTZ; ROSE YOUTZ, Administratrix, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Claims—Unauthorized Acceptance of Notice of Hearing—Ratification. An unauthorized but good-faith acceptance by an attorney of notice of hearing on a claim in probate, is ratified by the conduct of the administratrix (1) in making no objection to said acceptance when informed

thereof, (2) in negotiating for a settlement of the claim, and (3) in causing the hearing to be twice continued.

Headnote 1:   6 C. J. pp. 669, 670.

*Appeal from Story District Court.*—H. E. Fry, Judge.

November 19, 1924.

Rehearing Denied February 13, 1925.

Proceedings in probate, to set aside and vacate an order by the court establishing a claim in favor of the Story County Trust & Savings Bank against the estate of L. D. Youtz, deceased. The petition was dismissed, and the administratrix appeals.—*Affirmed.*

*John McLennan,* for appellant.

*Lee & Garfield,* for appellee.

Stevens, J.—Appellant instituted this proceeding in probate, as the administratrix of the estate of L. D. Youtz, to set aside and vacate an order entered by the district court of Story County, sitting in probate, on November 16, 1922, allowing and establishing the claim of appellee and ordering the same paid, upon the ground that the court acted without jurisdiction. It is conceded that the notice of the filing and hearing of claims against the estates of decedents required by Section 3338 of the Code of 1897 was not served upon appellant. It is also conceded that a notice in due form, addressed to Rose Youtz, administratrix, or to C. H. Pasley, her attorney, was presented to the latter, and service accepted by him on August 31, 1921, and that said notice was filed in the office of the clerk of the district court of Story County on September 12th following. Appellant alleged, in her petition for the vacation of the order allowing and establishing the claim, that the acceptance of service by Pasley was without her knowledge or authority.

That Pasley accepted service of the notice without previous express authority from appellant is clearly shown by the evi-

dence, and must be conceded. Appellee, in resistance to the petition to vacate the order of allowance, set up certain transactions and conduct on the part of appellant which, it is claimed, constitute a ratification of the unauthorized act of Pasley, and that she has fully acquiesced in what he did. This presents the only question for review. It being assumed, therefore, that the original acceptance of service of the notice by Pasley was unauthorized, and did not confer jurisdiction upon the court to hear and pass upon the claim, has appellant, by her acts and conduct, ratified the assumed authority of Pasley? If so, it is elementary that she is bound thereby. *Peabody Buggy Co. v. Cooper & Collins,* 182 Iowa 373; *Bank of Glade Spring v. McEwen,* Ann. Cas. 1914 C 542, 545.

The evidence, without any dispute, shows that appellant employed Pasley, an attorney at Ames, Iowa, on or about June 3, 1921, to prepare a petition for her appointment as administratrix of the estate of L. D. Youtz, deceased; that he prepared such petition, caused the same to be filed in the office of the clerk of the district court of Story County, and a notice of her appointment to be published by the clerk, in which he is noted as attorney for her, as such administratrix; that, on or about November 18, 1921, Pasley prepared for appellant a list of heirs and description of real estate, together with the inventory of personal property; and that she signed the same in his office on said date; that, shortly after the acceptance of service by him, Pasley showed to appellant a copy of the notice, bearing his signature thereto, and advised her of what he had done. This was prior to the date on which the list of heirs, inventory, etc., were made out.

It further appears without dispute in the evidence that, upon one occasion, appellee's attorney took the note to Pasley's office at the latter's request, where it was inspected by appellant and her daughter, and the subject of a defense thereto was discussed; that the claim was set down for hearing at the November, 1921, term of court in Story County, and again at the January term, 1922; and that appellant was promptly advised of each of the assignments of the claim for trial; and that it was continued over the November term by agreement between the attorneys, at her request, and postponed after it had been

assigned for trial, to a later day in the January term, at her request.

The evidence also tends to show that there were some negotiations for the settlement of the claim, and that appellant consulted Pasley as to a possible defense to the note, and that he advised her that she had no defense thereto. Appellant did not appear in the district court to resist the claim, although Pasley was present when the matter was assigned for hearing at the November term, and may have consented thereto. The claim was finally allowed, January 16, 1922, and the petition to vacate this order was filed on October 15th following.

When shown the copy of the notice and Pasley's acceptance of service thereon, appellant made no objection thereto; nor did she, at any time prior to the commencement of this proceeding, deny his authority to act for her as her attorney, or notify the attorneys for appellee, with whom she had some correspondence, that she had never been served with notice of the pendency of the claim, and that Pasley was not her attorney. None of the several postponements of the hearings in the district court were secured by agreement upon this ground. Ordinarily, it is the duty of the principal to promptly repudiate the unauthorized acts of his agent. *Argus v. Ware & Leland,* 155 Iowa 583; *Hosteter v. Wear-U-Well Shoe Co.,* 171 Iowa 346; *Security Sav. Bank v. Hambright,* 195 Iowa 1147.

We have no doubt that Pasley understood that he was employed by appellant as her attorney, and that he accepted service of the notice for her in good faith, and to save the expense of personal service. Appellant was past sixty years of age, and without previous business experience. It is not improbable, therefore, that she did not fully realize her duties as administratrix, or the power usually exercised by attorneys when employed to look after litigation, and that she relied more upon her friend Pugh for advice than she did upon the attorney whom she repeatedly consulted. She knew that the claim had been filed in the office of the clerk; that Pasley had accepted service of notice thereof and of the time fixed for hearing thereon; that it was at least twice assigned for trial in the district court, and continued or postponed at her request and for her benefit; that it had been allowed; that she had been notified to pay the same;

and that she had, once at least, been cited for contempt for her failure to do so. She is not shown to have given prompt attention to any of these matters. If these facts were not equivalent to a voluntary appearance, it seems to us that she must at least be held to have ratified the acceptance of the notice by Pasley, and, by her conduct, to have precluded herself from setting up want of personal service. All of the proceedings were open and aboveboard, and appellant was kept advised, either by Pasley or by appellee's attorneys, of the efforts which were being made to secure an adjustment or the establishment of the claim against the estate. No evidence was introduced to support the allegations of the petition that the note was obtained by fraud and without consideration. We are not, therefore, advised as to whether there was a valid defense to the note or not. The prima-facie case of want of personal service made out by appellant is overcome by satisfactory proof of subsequent ratification, which relates back and becomes effective as of the date when the unauthorized act was performed. The evidence on behalf of appellee would seem to be quite conclusive on this point. It is our conclusion, therefore, that the order and judgment of the court below should be, and it is,—*Affirmed.*

ARTHUR, C. J., and EVANS and VERMILION, JJ., concur.