**BAHNS v GLASS et**

Ohio Appeals, 2nd Dist, Greene Co

No 364. Decided May 6, 1932

Miller & Finney, Xenia, for plaintiff in error.

Marshall & Marshall, Xenia, for defendant in error.

### BY THE COURT

We are at the outset confronted with the scintilla rule which is still effective in Ohio. If any of the evidence in the case, giving it the most favorable intendment in behalf of the defendants, tends to establish the defense of payment it was incumbent upon the trial court to submit this question of fact to the jury. (**Pope v Mudge, 108 Oh St 192**).

We are in grave doubt if the defense of estoppel is available to defendant under a plea of payment to a duly authorized agent of the plaintiffs. (**Globe Indemnity Co. v Wassman, 102 Oh St 72**; McAdam v Railway Co., 100 Kan. 309).

There is also some doubt if ratification could have been proven under the answer of defendant, Arthur Bahns. However, there was no objection to the testimony for any purpose and there are cases holding that ratification can be proven under a defense of authorized agency.

Long v Osborn, 91 Iowa 160

State Bank v Kelly, 109 Iowa 343

Porter v Lasson Co. Land Co., 127 Cal. 261.

Considering the question broadly, we believe that the record presents evidence from which, if true, inference could be logically drawn that the plaintiff, H. O. Glass, authorized Mr. Long to make the collection of $1,000.00 balance due plaintiff from Mr. Bahns. This testimony is found particularly at page 50 of the record. The defendant, Arthur Bahns, testifying on cross examination at page 50, made these statements.

"Q. What conversation did you have with Mr. Glass at that time?

A. We had a conversation in regard to this thousand dollars.

Q. What was it? State the conversation. What did Mr. Glass say and what did you say?

A. Well, he said Mr. Long had been out

there and asked him for some more money. He said he ought to have some more money that Jobe was pushing the case. And Mr. Glass said to me that he probably answered him saying, 'Well, maybe I ought to' or 'Maybe you can get some more,' or something to that effect."

Under this testimony the jury had a right to determine whether or not the plaintiff, Mr. Glass, had made the statement testified by Mr. Bahns. This was expressly denied by the plaintiff. If the jury found that such statement had been made then if was permissible for it to further conclude that when Mr. Glass said to Mr. Long, "Maybe you can get some more" it was equivalent to saying, you may get some more of the money due me from Mr. Bahns. This would be some evidence of delegated power of agency to Mr. Long to make collection of money due the plaintiffs. If Long had authority to act for plaintiffs as their agent, then without respect to the knowledge of Bahns of Long's authority, apparent or otherwise, the act of acceptance of the money by Long would be the act of his principals, the plaintiffs. There is testimony in the record which in conjunction with that which we have quoted has a tendency, giving it the most favorable import for the defendant, to establish ratification of Long's act of acceptance of the money from Mr. Bahns. At pages 34 and 63 of the record it appears upon the cross examination of Mr. Glass and the examination in chief of Mr. Bahns that Mr. Glass had a conversation with Mr. Bahns in which some reference is claimed to have been made to the money which Mr. Long had received from Mr. Bahns, and at page 63 Mr. Bahns testified that Mr. Glass had said to him that he, Mr. Glass, had accepted a receipt from Mr. Long for the $1,000.00. This would permit of an inference of a ratification by plaintiff of the acceptance of Long of the money from the defendant, Bahns. We do not believe that estoppel, in any view of the case, appears. After it came to the knowledge of Mr. Glass that Mr. Long had received the money from Mr. Bahns, if Mr. Glass had not authorized Mr. Long to get the money, then, in so far as he knew, it was still the money of Mr. Bahns to be held by Long for Bahns until Glass made the transfer by deed to Bahns. This falls short of proof of estoppel.

We, therefore, are of opinion that there is some evidence in this record requiring the trial court to submit the defense of payment to the jury upon the theory that Long was either the duly authorized agent of plaintiffs or that his act in accepting the money was thereafter ratified by the plaintiffs.

The judgment will therefore be reversed and cause remanded for new trial.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.