## BAHNS v GLASS et

Ohio Appeals, 2nd Dist, Greene Co

No 377.   Decided Dec 1, 1932

Miller & Finney, Xenia, for plaintiff in error.

Marshall & Marshall, Xenia, for defendant in error.

BY THE COURT

This is a proceeding to reverse the judgment of the trial court in the sum of $1,000, and interest and costs, on a verdict of a jury in favor of defendants in error, plaintiff below.

We have considered this case before on error. (See 13 Abs 173). It is urged that the court erred in the general charge in defining ratification and commenting on a receipt, Exhibit A, and on certain rulings in the admission and exclusion of evidence all of which was prejudicial to the plaintiff in error. It is urged that the trial court did not properly define the issue of the ratification of the acts of Mr. Long by defendant in error, Mr. Glass.

We have examined the full charge on the subject and do not find that there is such prejudicial error therein as would require a setting aside of the judgment.

It is further asserted the court erred in giving special charges before argument, (App. A. brief of plaintiff in error) at the request of defendants in error, plaintiff below. These charges relate particularly to the authority of a real estate broker in the absence of special agreement to receive payment of purchase money for land sold through his efforts and the general obligation of one dealing with a special agent or broker, to ascertain the nature and extent of his authority.

It is claimed that the subject matter of these charges is not made an issue by the pleadings. This is probably true. However, the evidence and gist of the case was such as to bring very definitely to the attention of the court, counsel and the jury the subject matter of the special charges. We believe that they were pertinent and that it was not at all improper or prejudicial to give them and that they set forth true propositions of law.

We have examined the other errors, but find none so prejudicial as to require another trial of this cause. The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.